UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICK FLOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-196-JD-APR |
| WILLIAM HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Patrick Flood, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Flood alleges that, prior to March 3, 2022, he and his wife notified Warden William Hyatte, Joshua Snow, Lorna Harbaugh, Montrell McGee, Steven Price, Kristin Woods, and David Byrum that he was being extorted by inmates in L-Unit and was afraid for his safety after providing internal affairs with the names of individuals involved in trafficking narcotics and cell phones at Miami Correctional Facility. He was housed in the Administrative Housing Unit, and he expected to remain there for several

months. However, on March 2, 2022, Sgt. Jeffrey Griffin told Flood he would be moving to L-Unit. Flood told Griffin that there were inmates in L-Unit that had threatened his life after Flood provided the names of inmates involved in trafficking to internal affairs. Griffin told him he was going to L-Unit, and he would move or be forced to move the hard way. Flood was moved to L-Unit. Early the next morning, he was brutally attacked by a group of inmates. After the attack, guards did not discover Flood for three hours. If the unknown officers assigned to the unit had conducted their thirty-minute security checks pursuant to policy, Flood asserts that he would have been discovered sooner. He was hospitalized with serious injuries.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id*. (internal quotation marks, brackets, and citations omitted).

Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Flood is suing Warden William Hyatte, Joshua Snow, Lorna Harbaugh, Montrell McGee, Steven Price, Kristin Woods, and David Byrum for failing to protect him after being alerted to the threat to his life by an inmate in L-Unit. He does not, however, state that any of these individuals were responsible for the decision to move Flood from Administrative Restrictive Housing to L-Unit. Flood alleges that these individuals knew it would be dangerous for Flood to be housed in L-Unit, but he does not allege facts from which it can be plausibly inferred that they had anything to do with sending him there. Therefore, he may not proceed against these individuals. However, if Flood can allege facts showing any of these defendants were personally involved in the decision to move him to L-Unit, he can seek to amend his complaint to add that defendant, pursuant to Fed. R. Civ. P. 15(a)(2).

Sgt. Jeffrey Griffin told Flood he was moving, and Flood made Griffin aware that he would not be safe there. It is unclear how much Griffin knew about the dangers that Flood faced in L-Unit, but giving Flood the inferences to which he is entitled at this stage of the case, he may proceed against Griffin.

Finally, Flood is suing John Doe 1 and John Doe 2 because they "neglected to do their 30 minute 'pipe checks'" pursuant to IDOC policy. ECF 5 at 6. He alleges that, due to the lack of thirty minute security checks, these officers "failed to see the activity ensuing in and outside of [his] cell," and were "unable to prevent the assault." *Id.* They were also unable to address Flood's injuries until he was discovered three hours after the attack. Not every policy violation amounts to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Flood asserts that, if the officers had not been negligent in their duties, he would have been discovered sooner or perhaps the assault would have been averted. It cannot be plausibly inferred that the unknown officers were deliberately indifferent to Flood's safety simply because they failed to do their thirty minutes walks pursuant to policy. While their actions may amount to negligence, negligence is insufficient to state a claim. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Therefore, Flood may not proceed against John Doe 1 or John Doe 2.

This case will proceed against only Sgt. Jeffrey Griffin. Flood is not proceeding in forma pauperis. Therefore, the court will not serve Sgt. Jeffrey Griffin pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the Sgt. Griffin with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Patrick Flood leave to proceed against Sgt. Jeffrey Griffin in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety on March 3, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden William Hyatte, Joshua Snow, Lorna Harbaugh, Montrell McGee, Steven Price, Kristin Woods, David Byrum, John Doe 1, and John Doe 2;

(4) DIRECTS the clerk to sign and seal summons for Sgt. Jeffrey Griffin and send them to Patrick Flood; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Jeffrey Griffin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 5, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT